```
 1  Katherine M. Dugdale, Bar No. 168014
    KDugdale@perkinscoie.com
 2  PERKINS COIE LLP
    1888 Century Park E., Suite 1700
 3  Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
 4  Facsimile:  310.788.3399

 5  Holly M. Simpkins, *pro hac vice*
    HSimpkins@perkinscoie.com
 6  Lauren E. Staniar, *pro hac vice*
    LStaniar@perkinscoie.com
 7  PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
 8  Seattle, WA  98101-3099
    Telephone:  206.359.8000
 9  Facsimile:  206.359.9000

10  Attorneys for Plaintiff
    Twitch Interactive, Inc.
11
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN AND JANE DOES 1-100, individuals,<br><br>　　　　　　Defendants. | Case No. 19-cv-03418-WHO<br><br>**PLAINTIFF TWITCH INTERACTIVE, INC.'S *EX PARTE* APPLICATION TO EXTEND THE DEADLINE FOR SERVICE [L. CIV. R. 7-10]** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that Plaintiff Twitch Interactive, Inc. ("Twitch") will, and hereby does, apply to the Court *ex parte* for a 90-day extension to serve Defendants John and Jane Does pursuant to Federal Rule of Civil Procedure 4(m).[1]  This motion complies with Local Civil Rule 7-10 as Twitch is in the process of attempting to determine Defendants' identities, and Twitch may not receive responses to its subpoenas until mid-October, after the current deadline to complete service.  *See Strike 3 Holdings, LLC v. Doe*, Case No. 1:18-cv-06938, Dkt. No. 10 (Orrick, J.) (granting *ex parte* application and extending time to effectuate service until plaintiff received subpoena responses).  Good cause exists for this request because Twitch has diligently investigated and attempted to identify and locate Defendants, including serving subpoenas authorized by this Court on third parties with potentially identifying information.

This motion is based on: the memorandum of points and authorities; the Declaration of Holly M. Simpkins filed concurrently herewith; all pleadings on file in this matter; and on such additional evidence or argument as the Court may deem proper.

---

[1] Twitch will send a copy of this motion to the email addresses associated with several of the Doe defendants, skelthade@gmail.com, jfernandes423@hotmail.com, and gangganchef@gmail.com.  When Twitch sent the Court's August 7, 2019 order to these three email addresses, the message to jfernandes423@hotmail.com was returned as undeliverable. Simpkins Decl. ¶ 6.  When Twitch sent its September 3, 2019 administrative motion (Dkt. No. 15) to these three addresses, the messages to skelthade@gmail.com and jfernandes432@hotmail.com were returned as undeliverable.  *Id.*  Prior emails to both email addresses were not returned as undeliverable. *Id.* ¶ 4.

## I.   INTRODUCTION

Defendants attacked Twitch's Artifact game directory by broadcasting content that violated Twitch's Terms of Service and other policies.  Twitch sued Defendants for breach of contract, trademark infringement, trespass to chattels and fraud on June 14, 2019.  Since that time, Twitch has attempted to identify the individuals responsible for the attack.  To assist in those efforts, Twitch received permission from this Court to serve eleven third-party subpoenas on internet service providers, email service companies and social media companies.  Because responses to those subpoenas may not be returned until mid-October—approximately one month after the current September 12, 2019 deadline for Twitch to serve Defendants—Twitch seeks a 90-day extension of time to serve Defendants.

## II.   ISSUE TO BE DECIDED (L. CIV. R. 7-4(a)(3))

Whether Twitch is entitled to a 90-day extension of the deadline to serve Defendants John and Jane Does.

## III.   FACTS & PROCEDURAL BACKGROUND

### A.   Twitch

Twitch is a real-time streaming video service where community members gather to watch, play, and chat about their shared interests, including video games, sports and creative arts (the "Twitch Services").  Dkt. No. 1 ("Compl.") ¶ 15.  On Twitch, streamers share content to engage and entertain their viewers.  *Id.* ¶ 16.  Twitch owns the intellectual property associated with its services, including the GLITCH logo and TWITCH mark.  *Id.* ¶¶ 20–22.  Twitch also requires users to agree to its Terms of Service, Community Guidelines, and other policies (collectively, the "Terms") to use the Twitch Services.  *Id.* ¶ 24.  The Terms prohibit, among other things, posting obscene, pornographic, violent, or otherwise harmful conduct.  *Id.* ¶¶ 26, 28.

### B.   Defendants' Wrongdoing

Beginning on May 25, 2019, Defendants co-opted the game directory for Artifact to broadcast prohibited content, including hard-core pornography, racist and misogynistic videos,

and videos depicting violence. *Id.* ¶ 34. Despite Twitch's swift action against the accounts used to stream this content, new streamers quickly reappeared and re-posted the offending videos. *Id.* ¶¶ 35–36. Defendants also made unauthorized use of Twitch's intellectual property including its GLITCH and TWITCH marks. *Id.* ¶¶ 40–43.

**C.     Twitch's Investigation**

Twitch investigated the Twitch accounts that participated in the attack, the social media accounts associated with the attackers, and the websites through which the attack was coordinated. Declaration of Holly M. Simpkins ("Simpkins Decl.") ¶ 3. Unable to identify Defendants, Twitch filed a motion seeking the Court's leave to issue subpoenas to the internet service providers, email service companies, and social media companies that Twitch's investigation revealed were associated with the attack. Dkt. No. 12.

On August 7, 2019, the Court granted Twitch's motion seeking leave to serve subpoenas on eleven internet service providers, email service companies, and social media companies. Dkt. No. 13. The Court found that "Twitch took numerous steps to identify the defendants as part of its internal investigation into the May 2019 attack." *Id.* at 5. Shortly thereafter, Twitch served subpoenas on each of these companies to obtain information reasonably likely to identify the Defendants so Twitch can effectuate service. Simpkins Decl. ¶ 5. Per this Court's August 7, 2019 Order, the subpoena recipients have up to thirty days to notify Defendants of the subpoena, and Defendants have thirty days from the date of that notice to object to the subpoena. Dkt. No. 13. Once the thirty-day notice period expires, the subpoena recipients have another ten days to produce responsive information to Twitch. *Id.* Twitch therefore may not receive subpoena responses until mid-October, over one month after Twitch's September 12, 2019 deadline to serve Defendants. Simpkins Decl. ¶ 5.

**IV.     ARGUMENT**

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). But "the court must extend the time

for service for an appropriate period" if the plaintiff shows good cause. *Id.* Alternatively, the Court may grant an extension even absent good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Anaya v. Marin Cty. Sheriff*, No. 13-cv-04090-WHO, 2014 WL 4631227, at *3 (N.D. Cal. Sept. 16, 2014). To demonstrate that good cause exists, the court may require plaintiffs to show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d at 512 (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). The Ninth Circuit observes that "good cause" may include the following circumstances: (1) where the defendant has evaded service; (2) where service was attempted but not completed; (3) where the plaintiff was confused by the requirements for service of process; and (4) where plaintiff was prevented from effective service "by factors beyond his control." *See Wei v. Hawaii*, 763 F.2d 370, 371–72 (9th Cir. 1985).

Good cause exists here. As this Court previously found, Twitch has diligently attempted to identify the Defendants. Dkt. No. 13, at 5. Twitch attempted to identify the individuals associated with the attack by investigating the attackers' social media accounts, tracking down the websites through which the attackers communicated and distributed the content, and identifying IP addresses connected to Twitch accounts that streamed prohibited content during the attack. Simpkins Decl. ¶ 3. Twitch sued Defendants on June 14, 2019 and sent copies of the Complaint and related documentation to three email addresses connected with the attackers. *Id.* ¶ 4. Receiving no response, Twitch subsequently applied for, and this Court granted, an application for expedited discovery to subpoena eleven third parties that may have identifying information. Dkt. No. 13. Twitch promptly served the subpoenas in mid-August and is awaiting responses that could be served as late as mid-October. Simpkins Decl. ¶ 5. Twitch cannot serve the Defendants until it has their identifying information. *See Zoosk, Inc. v. Dyle*, No. C. 10-04545 LB, 2011 WL 635279, at *2 (N.D. Cal. Feb. 11, 2011) (granting motion for extension of time to serve defendants where the deadline established by Court order for ISP's production of subscriber information related to target IP address was after plaintiff was required to serve defendants).

The remaining good cause factors also support Twitch's requested extension. First, Twitch provided Defendants notice of the lawsuit at email addresses that Twitch connected to the attack. Simpkins Decl. ¶ 4. Defendants also received notice from the subpoena recipients. *See* Dkt. No. 13, at 9-10 (requiring subpoena recipients to notify Defendants of subpoena). Second, Defendants would not suffer prejudice from an extension because the case is in its early stages. *See, e.g.*, *Furtado v. United Rentals, Inc.*, No. 14-CV-04258-YGR, 2015 WL 4452502, at *9 (N.D. Cal. July 20, 2015). Third, Twitch would be prejudiced if this case were dismissed because it would not be able to seek redress from Defendants, and the resources Twitch invested in investigating the attack, bringing this action, and attempting to serve Defendants would be wasted. Additionally, a denial of the extension would "reward [d]efendants for evading service." *Zoosk*, 2011 WL 635279, at *2.

Even if a plaintiff does not show good cause, the Court may exercise its discretion to extend the time for service. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). The discretionary factors include: the statute of limitations, prejudice to the defendants, actual notice of the lawsuit, and eventual service. *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1036 (N.D. Cal. 2015). Here there is little, if any, prejudice to Defendants as the case is in its early stages, the proposed delay in service would be minimal, and Twitch will promptly serve Defendants when it obtains identifying information.

## V.     CONCLUSION

For the foregoing reasons, Twitch respectfully requests that the Court grant Twitch's motion for a 90-day extension to serve Defendants.

| | | |
|---|---|---|
|1| | |
|2|DATED: September 11, 2019|**PERKINS COIE LLP**|
|3| | |
|4| |By: */s/ Holly M. Simpkins*<br>Katherine M. Dugdale, Bar No. 168014<br>KDugdale@perkinscoie.com|
|5| |Holly M. Simpkins, *pro hac vice*<br>HSimpkins@perkinscoie.com|
|6| |Lauren E. Staniar, *pro hac vice*<br>LStaniar@perkinscoie.com|
|7| |Attorneys for Plaintiff<br>Twitch Interactive, Inc.|

-6-