Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Holly M. Simpkins, *pro hac vice*
HSimpkins@perkinscoie.com
Lauren E. Staniar, *pro hac vice*
LStaniar@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
Twitch Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN AND JANE DOES 1-100, individuals,<br><br>Defendants. | Case No. 19-cv-03418-WHO<br><br>**PLAINTIFF TWITCH INTERACTIVE, INC.'S *EX PARTE* MOTION TO EXTEND DEADLINES**<br><br>**[L. CIV. R. 7-10]** |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

2          PLEASE TAKE NOTICE that Plaintiff Twitch Interactive, Inc. ("Twitch") will, and

3   hereby does, apply to the Court *ex parte* for a 90-day extension to serve Defendants John and

4   Jane Does pursuant to Federal Rule of Civil Procedure 4(m), and to reschedule the Case

5   Management Conference and related deadlines.  This motion complies with Local Civil Rule 7-10

6   as Twitch is in the process of attempting to determine Defendants' identities.  *See Strike 3*

7   *Holdings, LLC v. Doe*, Case No. 1:18-cv-06938, Dkt. No. 10 (Orrick, J.) (granting *ex parte*

8   application and extending time to effectuate service until plaintiff received subpoena responses).[1]

9   Good cause exists for these requests because Twitch has diligently investigated and attempted to

10  identify and locate Defendants, including serving subpoenas authorized by this Court on third

11  parties with potentially identifying information.

12          This motion is based on: the memorandum of points and authorities; the Declaration of

13  Holly M. Simpkins filed concurrently herewith; all pleadings on file in this matter; and on such

14  additional evidence or argument as the Court may deem proper.

15

16

17

18

19

20

21

22

23          [1] Twitch will send a copy of this motion to the email addresses associated with several of
    the Doe defendants, skelthade@gmail.com, jfernandes423@hotmail.com, and
24  ganggangchef@gmail.com, as well as the Doe defendants with whom Twitch is in ongoing
    settlement discussions.  When Twitch sent the Court's August 7, 2019 order to these three email
25  addresses, the message to jfernandes423@hotmail.com was returned as undeliverable.  Simpkins
    Decl. ¶ 8.  When Twitch sent its September 3, 2019 administrative motion (Dkt. No. 15) to these
26  three addresses, the messages to skelthade@gmail.com and jfernandes432@hotmail.com were
    returned as undeliverable.  *Id.*  Prior emails to both email addresses were not returned as
27  undeliverable.  *Id.* ¶ 4.

28

-1-

# I.    INTRODUCTION

Defendants attacked Twitch's Artifact game directory by broadcasting content that violated Twitch's Terms of Service.  Twitch sued Defendants for breach of contract, trademark infringement, trespass to chattels and fraud on June 14, 2019.  Since that time, Twitch has attempted to identify the individuals responsible for the attack.  To assist in those efforts, Twitch received permission from this Court to serve eleven third-party subpoenas on internet service providers, email service companies and social media companies.  Twitch received subpoena responses in September and October that enabled Twitch to identify several Doe Defendants.  Twitch is in the process of negotiating settlements with several of those individuals.  Twitch received the last subpoena response on November 26 and is in the process of analyzing the more than 13,000 rows of data provided.  Given that Twitch continues to work to identify and serve all Defendants, Twitch seeks a 90-day extension of the service deadline and an order resetting the Case Management Conference and related deadlines.

# II.    ISSUES TO BE DECIDED (L. CIV. R. 7-4(a)(3))

1.    Whether Twitch is entitled to a 90-day extension of the deadline to serve Defendants John and Jane Does?

2.    Whether the Case Management Conference should be reset for March 17, 2020 and the related deadlines adjusted accordingly?

# III.    FACTS & PROCEDURAL BACKGROUND

## A.    Twitch

Twitch is a real-time streaming video service where community members gather to watch, play, and chat about their shared interests, including video games, sports and creative arts (the "Twitch Services").  Dkt. No. 1 ("Compl.") ¶ 15.  Streamers on Twitch share content to engage and entertain their viewers.  *Id.* ¶ 16.  Twitch owns the intellectual property associated with its services, including the GLITCH logo and TWITCH mark.  *Id.* ¶¶ 20–22.  Twitch also requires

users to agree to its Terms of Service, Community Guidelines and other policies (collectively, the "Terms") to use the Twitch Services.  *Id.* ¶ 24.  The Terms prohibit, among other things, posting obscene, pornographic, violent, or otherwise harmful conduct.  *Id.* ¶¶ 26, 28.

**B.     Defendants' Wrongdoing**

Beginning on May 25, 2019, Defendants co-opted the game directory for the game Artifact to broadcast prohibited content, including hard-core pornography, racist and misogynistic videos, and videos depicting extreme violence.  *Id.* ¶ 34.  Despite Twitch's swift action against the accounts used to stream this content, new streamers quickly reappeared and re-posted the offending videos.  *Id.* ¶¶ 35–36.  Defendants also made unauthorized use of Twitch's intellectual property including its GLITCH and TWITCH marks.  *Id.* ¶¶ 40–43.

**C.     Twitch's Investigation**

Twitch investigated the Twitch accounts that participated in the attack, the social media accounts associated with the attackers, and the websites through which the attack was coordinated.  Declaration of Holly M. Simpkins ("Simpkins Decl.") ¶ 3.  Unable to identify Defendants, Twitch filed a motion seeking the Court's leave to issue subpoenas to the internet service providers, email service companies, and social media companies that Twitch's investigation revealed were associated with the attack.  Dkt. No. 12.

On August 7, 2019, the Court granted Twitch's motion seeking leave to serve subpoenas on eleven internet service providers, email service companies, and social media companies.  Dkt. No. 13.  The Court found that "Twitch took numerous steps to identify the defendants as part of its internal investigation into the May 2019 attack."  *Id.* at 5.  Shortly thereafter, Twitch served subpoenas on each of these companies to obtain information reasonably likely to identify the Defendants so Twitch can effectuate service.  Simpkins Decl. ¶ 5.  Twitch received many of the subpoena responses in September and October.  Simpkins Decl. ¶ 6.  With the information gathered through these subpoenas, Twitch identified individuals involved in the attack.  *Id.*  Twitch contacted these individuals and is in settlement discussions with several of them.  Given

1   these discussions, Twitch has elected not to name these individuals as defendants. *Id.* Twitch has

2   not yet identified the individuals who it believes to be the ringleaders of the attack. *Id.*

3          Per this Court's order, Twitch sent a subpoena to Discord on August 8. Discord's

4   response to that subpoena was not received until November 26. Simpkins Decl. ¶ 7. This

5   response contains more than 13,000 rows of data and provides valuable information about the

6   individuals that coordinated the Memorial Day attack. *Id.* Given the amount of data and the date

7   Twitch received it, Twitch is still in the process of analyzing this data. *Id.* Once that analysis is

8   complete, Twitch will determine whether it needs to seek leave from this Court to serve

9   additional third-party discovery.

10  **D.     Procedural History**

11         On September 3, 2019, Twitch filed an administrative motion to continue the Case

12  Management Conference, which was scheduled for September 17, 2019. Dkt. No. 15. This Court

13  granted the administrative motion and rescheduled the Case Management Conference for

14  December 17, 2019. Dkt. No. 16.

15         On September 17, 2019, Twitch filed an ex parte motion to extend the deadline for

16  service. Dkt. No. 17. This Court granted the motion and extended the deadline to serve

17  Defendants by 90 days, to December 11, 2019. Dkt. No. 18.

18                          **IV.     ARGUMENT**

19  **A.     Good Cause Exists to Extend the Service Deadline**

20         Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within

21  ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). But "the court must extend the time

22  for service for an appropriate period" if the plaintiff shows good cause. *Id.* Alternatively, the

23  Court may grant an extension even absent good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.

24  2001). To demonstrate that good cause exists, the court may require plaintiffs to show "(a) the

25  party to be served received actual notice of the lawsuit; (b) the defendant would suffer no

26  prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

27  (citation omitted). The Ninth Circuit observes that "good cause" may include the following

28

-4-

circumstances: (1) where the defendant has evaded service; (2) where service was attempted but not completed; (3) where the plaintiff was confused by the requirements for service of process; and (4) where plaintiff was prevented from effective service "by factors beyond his control." *See Wei v. Hawaii*, 763 F.2d 370, 371–72 (9th Cir. 1985).

Good cause exists here. As this Court previously found, Twitch has diligently attempted to identify the Defendants. Dkt. No. 13, at 5. Twitch attempted to identify the individuals associated with the attack by investigating the attackers' social media accounts, tracking down the websites through which the attackers communicated and distributed the content, and identifying IP addresses connected to Twitch accounts that streamed prohibited content during the attack. Simpkins Decl. ¶ 3. Twitch sued Defendants on June 14, 2019 and sent copies of the Complaint and related documentation to three email addresses connected with the attackers. *Id.* ¶ 4. Receiving no response, Twitch subsequently applied for, and this Court granted, an application for expedited discovery to subpoena eleven third parties that may have identifying information. Dkt. No. 13. Twitch promptly served the subpoenas in mid-August and received most of the responses by mid-October. Simpkins Decl. ¶¶ 5–6.

Twitch used the subpoena responses to identify multiple individuals who participated in the Memorial Day Attack. Simpkins Decl. ¶ 6. Twitch is in the process of negotiating settlements with several of these individuals and is working to contact the remaining individuals. *Id.* Given this ongoing outreach, Twitch has elected not to name the individuals identified in the subpoena responses as defendants at this time. Twitch has confirmed that none of the identified individuals organized or coordinated the Memorial Day Attack. *Id.* Twitch believes that with further investigation it will be able to identify the ringleaders.

For example, Twitch did not receive a response from Discord until November 26. Simpkins Decl. ¶ 7. That response contains more than 13,000 rows of data when transferred to an Excel spreadsheet. *Id.* It also contains key information about the individuals that coordinated the Memorial Day attack that may lead to their true identities. *Id.* Twitch is in the process of further investigating these defendants to determine whether it can use the information provided to

-5-

1    determine their names and physical addresses.  *See Zoosk, Inc. v. Dyle*, No. C. 10-04545 LB,

2    2011 WL 635279, at *2 (N.D. Cal. Feb. 11, 2011) (granting motion for extension of time to serve

3    defendants where plaintiff was still in the process of investigating defendants).  If not, Twitch

4    may seek the Court's leave to serve additional subpoenas on ISPs connected to IP addresses

5    identified in the Discord subpoena response.  The requested 90-day extension of the service

6    deadline provides sufficient time for Twitch to serve additional subpoenas, if necessary.

7           The remaining good cause factors also support Twitch's requested extension.  First,

8    Twitch provided Defendants notice of the lawsuit at email addresses that Twitch connected to the

9    attack.  Simpkins Decl. ¶ 4.  Defendants also received notice from the subpoena recipients.  *See*

10   Dkt. No. 13, at 9-10 (requiring subpoena recipients to notify Defendants of subpoena).  Second,

11   Defendants would not suffer prejudice from an extension because the case is in its early stages.

12   *See, e.g.*, *Furtado v. United Rentals, Inc.*, No. 14-CV-04258-YGR, 2015 WL 4452502, at *9

13   (N.D. Cal. July 20, 2015).  Third, Twitch would be prejudiced if this case were dismissed because

14   it would not be able to seek redress from Defendants, and the resources Twitch invested in

15   investigating the attack, bringing this action, and attempting to serve Defendants would be

16   wasted.  Additionally, a denial of the extension would "reward [d]efendants for evading service."

17   *Zoosk*, 2011 WL 635279, at *2.

18          Even if a plaintiff does not show good cause, the Court may exercise its discretion to

19   extend the time for service.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). The

20   discretionary factors include: the statute of limitations, prejudice to the defendants, actual notice

21   of the lawsuit, and eventual service.  *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F.

22   Supp. 3d 1026, 1036 (N.D. Cal. 2015).  Here there is little, if any, prejudice to Defendants as the

23   case is in its early stages, the proposed delay in service would be minimal, and Twitch will

24   promptly serve Defendants when it obtains identifying information.

25

26

27

28

-6-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.    Good Cause Exists to Reset the Case Management Conference and Related Deadlines**

In this district, a motion to reschedule the Case Management Conference and related deadlines is an administrative motion under Local Rule 7-11.  *Mountz, Inc. v. Northeast Indus. Bolting & Torque, LLC*, Case No. 15-cv-04538-JE (MEJ), 2017 WL780585, at *3 (N.D. Cal. Jan. 27, 2017).  A motion to reschedule the Case Management Conference and related deadlines may be granted for good cause.  *See* Fed. R. Civ. P. 6(b)(1).

Good cause exists here.  The Case Management Conference is scheduled for December 17, 2019.  Dkt. No. 16.  Because Twitch is still working to locate and serve the defendants, it would be premature to hold a Case Management Conference, file a Case Management Statement, and conduct a Rule 26(f) conference at this time.  Accordingly, in the interest of justice and to enhance judicial efficiency and preserve resources, Twitch respectfully requests that the Case Management Conference be continued approximately 90 days to March 17, 2020, or a date thereafter on which the Court is available, and that all related deadlines be adjusted accordingly.  There have been two previous time modifications in this case.  Simpkins Decl. ¶ 10.  The requested continuance will not impact the schedule of this case, as no trial date or other deadlines have been set.  *Id.*

## V.    CONCLUSION

For the foregoing reasons, Twitch respectfully requests that the Court grant Twitch's motion for a 90-day extension to serve Defendants and to reschedule the Case Management Conference.

1

2
DATED:  December 10, 2019                    **PERKINS COIE LLP**

3
                                             By: */s/ Lauren E. Staniar*

4                                                Katherine M. Dugdale, Bar No. 168014
                                                 KDugdale@perkinscoie.com

5                                                Holly M. Simpkins, *pro hac vice*
                                                 HSimpkins@perkinscoie.com

6                                                Lauren E. Staniar, *pro hac vice*
                                                 LStaniar@perkinscoie.com

7                                                Attorneys for Plaintiff
                                                 Twitch Interactive, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28