Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Holly M. Simpkins, *pro hac vice*
HSimpkins@perkinscoie.com
Lauren Watts Staniar, *pro hac vice*
LStaniar@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
Twitch Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>       v.<br><br>JOHN AND JANE DOES 1–100, individuals,<br><br>                    Defendants. | Case No. 19-cv-03418-WHO<br><br>**PLAINTIFF TWITCH INTERACTIVE, INC.'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE ADDITIONAL THIRD-PARTY SUBPOENAS PRIOR TO RULE 26(f) CONFERENCE AND MEMORANDUM IN SUPPORT**<br><br>[L. Civ. R. 7-10] |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that Plaintiff Twitch Interactive, Inc., will and hereby does apply to the Court *ex parte* for leave to issue additional third-party subpoenas to entities associated with defendants believed to have led the attack against Twitch in order to identify and serve these defendants prior to a Federal Rule of Civil Procedure 26(f) conference.  This application complies with Local Civil Rule 7-10 because, as explained in this application and the Court's order granting Twitch's first application for expedited discovery (ECF No. 13), defendants are real people amenable to suit in California; Twitch has exercised diligence in trying to identify defendants; Twitch's Complaint would withstand a motion to dismiss; and the requested discovery is likely to uncover defendants' identities.  *Skout, Inc. v. Jen Processing, Ltd.*, Case No. 14-cv-02341-JSC, 2015 WL 224930, at *2 (N.D. Cal. Jan. 15, 2015); *Sapient Corp. v. Does 1-50*, Case No. 18-cv-01681-WHO, 2018 WL 8221301, at *3 (N.D. Cal. Mar. 27, 2018) (Orrick, J.) (granting *ex parte* motion for expedited discovery); *see also* Order Granting Plaintiff's *Ex Parte* Application for Additional Expedited Discovery, *Sapient Corp. v. Does 1-50*, Case No. 18-cv-01681-WHO, ECF No. 23 (N.D. Cal. Apr. 12, 2018) (Orrick, J.).  Good cause therefore exists for expedited discovery in this matter under Federal Rule of Civil Procedure 26(d)(1).

This application is based on: the memorandum of points and authorities; the declaration of Holly M. Simpkins filed concurrently herewith and all attached exhibits; all pleadings and evidence on file in this matter; and on such additional evidence or arguments as the Court may deem proper.

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION .................................................................................................................. 1

II. ISSUE TO BE DECIDED (L. CIV. R. 7-4(A)(3)) ............................................................ 1

III. FACTS & PROCEDURAL BACKGROUND .................................................................. 1

IV. ARGUMENT ........................................................................................................................ 2

    A. Twitch Has Sufficiently Identified Defendants .......................................................... 4

    B. Twitch Has Made a Good Faith Effort to Locate Defendants ............................... 5

    C. Twitch's Complaint Could Withstand a Motion to Dismiss .................................. 5

    D. There is a Reasonable Likelihood the Proposed Discovery Will Uncover Defendants' Identities ...................................................................................................... 5

    E. There Is No Prejudice From the Proposed Discovery .............................................. 6

V. CONCLUSION ..................................................................................................................... 6

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Columbia Ins. Co. v. Seescandy.com*,
 185 F.R.D. 573 (N.D. Cal. 1999) .................................................................................................3, 5

*Sapient Corp. v. Does 1-50*,
 Case No. 18-cv-01681-WHO, 2018 WL 8221301 (N.D. Cal. Mar. 27, 2018) ...........................3

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
 208 F.R.D. 273 (N.D. Cal. 2002) .................................................................................................6

*Skout, Inc v. Jen Processing, Ltd.*,
 No. 14-CV-02341-JSC, 2015 WL 224930 (N.D. Cal. Jan. 15, 2015) ....................................3, 4

*Strike 3 Holdings v. Doe*,
 Case No. 18-cv-06938-WHO, 2019 WL 402358 (N.D. Cal. Jan. 31, 2019) ....................3, 4, 6

*UMG Recordings, Inc. v. Doe*,
 No. C 08-1193-SBA, 2008 WL 4104214 (N.D. Cal. Sept. 3, 2008) .......................................2, 3

*Wakefield v. Thompson*,
 177 F.3d 1160 (9th Cir. 1999) .....................................................................................................3

**STATUTES**

15 U.S.C. § 1114 ...............................................................................................................................5

**RULES**

Fed. R. Civ. P. 26(d)(1) ....................................................................................................................2

## I. INTRODUCTION

On August 7, 2019, this Court granted Twitch's *ex parte* application to serve subpoenas on various social media platforms, electronic mail providers, and Internet Service Providers (ISPs) to identify individuals who broadcasted hundreds of obscene, pornographic, and terrorist videos on Twitch.tv. Shortly thereafter, Twitch served eleven third-party subpoenas to which it now has responses. Despite these responses, the identity of the individuals responsible for coordinating the attack—"skel" and "ganggangchef"—remain unknown. From the responses, Twitch has learned of additional IP addresses it believes are associated with these individuals.

Twitch now moves this Court for an order allowing it to take additional discovery from third parties T-Mobile USA Inc., Comcast Cable Communications LLC, and Kean University to obtain information that is reasonably likely to lead to the identity of the individuals who coordinated the attack.[1] As set forth below, good cause exists to allow the proposed discovery.

## II.   ISSUE TO BE DECIDED (L. CIV. R. 7-4(a)(3))

Whether Twitch is entitled to expedited discovery from third parties T-Mobile USA Inc., Comcast Cable Communications LLC, and Kean University to obtain information that is reasonably likely to identify certain defendants so that it can serve those defendants.

## III.   FACTS & PROCEDURAL BACKGROUND

Beginning on or about May 25, 2019, defendants used the game directory for the game Artifact to broadcast prohibited content on Twitch, including hard-core pornography, racist and misogynistic videos, copyrighted movies and television shows, and videos depicting terrorism, including videos of the March 2019 Christchurch mosque attack. Compl. (ECF No. 1.) ¶ 34. Twitch took quick action to shut down the accounts streaming the prohibited content, began an investigation to identify those responsible for the attack, and then filed this lawsuit on June 14, 2019. *Id.* ¶¶ 4, 6, 49. Twitch then applied, *ex parte*, to this Court seeking leave to serve third-party subpoenas on social media platforms, electronic mail providers, and ISPs that Twitch's

---

[1] Twitch seeks to serve these subpoenas expeditiously as the subpoenaed entities likely have data retention policies that limit the time period during which this information may be available. Simpkins Decl. ¶ 8.

1  investigation showed would have information reasonably likely to lead to the identity of
2  Defendants.  ECF No. 12.  The Court granted Twitch's application on August 7, 2019, and
3  Twitch served subpoenas on the eleven third parties shortly thereafter.  Declaration of Holly M.
4  Simpkins ("Simpkins Decl.") ¶ 2.

5  Twitch has received responses to all subpoenas; however, key players in the attack remain
6  unidentified.  *Id.*  Discord user Skel#1175 and an individual associated with the Artifact Streams
7  website, ganggangchef, have not yet been identified but were instrumental in organizing the
8  attack.  Skel moderated one of the Discord servers Defendants used to coordinate the attacks and
9  the www.artifactstreams.com website.  *Id.* ¶ 3, Ex. A.  Ganggangchef was identified by an email
10 address (ganggangchef@gmail.com) associated with the www.artifactstreams.com website based
11 on a WhoIs search.  *Id.*, Ex. B.

12 Twitch obtained multiple IP addresses from the subpoena responses that it believes are
13 connected to skel and ganggangchef.  Twitch obtained eighteen IP addresses from Discord
14 through which the skel account logged into Discord from the same geographic area—northern
15 New Jersey and surrounding areas.  *Id.* ¶ 5.  These IP addresses are associated with Kean
16 University and T-Mobile USA Inc.  *Id.*  Twitch also received an IP address associated with the
17 ganggangchef@gmail.com email account from Google, which Twitch then cross-referenced
18 against the IP addresses associated with the Discord servers and users that Twitch obtained from
19 Discord's response.  *Id.* ¶ 6.  Through this process, Twitch learned that the IP address associated
20 with the ganggangchef@gmail.com email account had also been used by several Discord users
21 connected with the attack—WideHardo#6615, Lianno#751, TriHard#1484, and Elundis#8261.
22 *Id.*  These four Discord users are the creators and/or owners of Discord servers on which the
23 attacks were coordinated.  *Id.*  Twitch obtained seventeen IP addresses associated with these four
24 Discord accounts.  *Id.* ¶ 7.  These IP addresses are provided by T-Mobile USA Inc. and Comcast
25 Cable Communications LLC.  *Id.*

26                             **IV.    ARGUMENT**

27 A court may authorize discovery to be taken before the parties' Rule 26(f) conference for
28 "good cause."  Fed. R. Civ. P. 26(d)(1); *UMG Recordings, Inc. v. Doe*, No. C 08-1193-SBA,

2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008).  Good cause generally exists where the need for expedited discovery outweighs the prejudice to the party from whom discovery is sought.  *Id.* at *5.  "[W]here the identity of alleged defendant[s] [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (internal quotes omitted).  Courts frequently grant *ex parte* motions for expedited discovery relating to the identities of Doe defendants.  *See, e.g.*, ECF No. 13; *Strike 3 Holdings v. Doe*, Case No. 18-cv-06938-WHO, 2019 WL 402358, at *2–3 (N.D. Cal. Jan. 31, 2019) (Orrick, J.) (granting *ex parte* application for leave to serve third-party subpoena); *Sapient Corp. v. Does 1-50*, Case No. 18-cv-01681-WHO, 2018 WL 8221301, at *3 (N.D. Cal. Mar. 27, 2018) (Orrick, J.).  Courts also permit additional expedited discovery where the initial expedited discovery revealed new IP addresses associated with the John/Jane Does.  *See* Order Granting Plaintiff's *Ex Parte* Application for Additional Expedited Discovery, *Sapient Corp. v. Does 1-50*, Case No. 18-cv-01681-WHO, ECF No. 23 (N.D. Cal. Apr. 12, 2018) (Orrick, J.).

        To determine whether "good cause" exists, courts consider whether the plaintiff has:

    (1) "identif[ied] the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court";

    (2) "identif[ied] all previous steps taken to locate the elusive defendant";

    (3) "establish[ed] to the Court's satisfaction that [the suit] could withstand a motion to dismiss"; and

    (4) Filed a request showing "a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible."

*Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999); *Skout, Inc v. Jen Processing, Ltd.*, No. 14-CV-02341-JSC, 2015 WL 224930, at *2 (N.D. Cal. Jan. 15, 2015) (citing *OpenMind Solutions, Inc. v. Does 1–39*, No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011)).  As this Court has already found, Twitch satisfies each of these criteria.

Twitch now seeks further identifying information about certain John/Jane Does who remain unidentified.

### A.     Twitch Has Sufficiently Identified Defendants

Under the first factor, a court must consider "whether the Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subjected to jurisdiction in this Court." *Skout*, 2015 WL 224930, at *2. To establish specific personal jurisdiction, "(1) the non-resident defendant must purposefully direct his activities into the forum or purposefully avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of or relate to forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice." *Id.* These elements are met here.

First, skel and ganggangchef are real people amenable to suit in federal court. They are associated with specific acts of trademark infringement, fraud, trespass, and breach of contract. Compl. ¶¶ 34–45. Skel coordinated the attack using a Discord account linked to U.S.-based IP addresses, which Twitch identified. Simpkins Decl. ¶ 5; *Strike 3 Holdings*, 2019 WL 402358, at *2 (identifying Doe defendants by IP address and location sufficient to meet this prong). Ganggangchef coordinated the attack by creating a website, https://www.artifactstreams.com, using an email address linked to a U.S.-based IP address, which was then connected to four Discord accounts that were also linked to U.S.-based IP addresses. Simpkins Decl. ¶ 6–7. The use of Discord and other websites to facilitate a coordinated attack on Twitch identifies defendants as real people amenable to suit in federal court.

Second, as this Court found in its August 7 Order, this Court has personal jurisdiction over the defendants because Twitch's servers are located in California, the defendants targeted their wrongful acts at Twitch, and the harm was felt in California. ECF No. 13 at 4 (citing *Uber Techs., Inc. v. Doe*, No. C 15-00908 LB, 2015 WL 1205167, at *3 (N.D. Cal. Mar. 16, 2015)). Twitch has met the first factor.

**B.      Twitch Has Made a Good Faith Effort to Locate Defendants**

The second factor requires the plaintiff to identify the previous steps taken to locate the defendants. *Columbia Ins. Co.*, 185 F.R.D. at 579. "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id.*

This requirement is satisfied because Twitch has continued its good faith efforts to identify skel and ganggangchef, but has been unable to do so. As this Court found in its August 7 Order, Twitch has taken "numerous steps to identify the defendants as part of its internal investigation into the May 2019 attack." ECF No. 13 at 5. Twitch's investigation continued after receiving the subpoena responses. Through the Discord subpoena response, Twitch identified several IP addresses associated with skel and, through WhoIs searches, determined that eighteen of these IP addresses are located in northern New Jersey and surrounding areas. Simpkins Decl. ¶ 5. Twitch also cross-referenced the IP address associated with the ganggangchef@gmail.com against the IP addresses provided by Discord that were connected to the attacks. *Id.* ¶ 6. After doing so, Twitch learned that creators and/or owners of the Discord servers involved in the attack also used the same IP address as ganggangchef. *Id.* ¶ 6–7. Twitch has made a good faith effort to exhaust its non-judicial means to identify skel and ganggangchef and now seeks additional, targeted subpoenas to learn their identities.

**C.      Twitch's Complaint Could Withstand a Motion to Dismiss**

The third factor requires that a plaintiff show that its claim would survive a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579. The Complaint alleges federal trademark infringement under 15 U.S.C. § 1114, breach of contract, trespass to chattels, and fraud under California law. This Court previously found that Twitch sufficiently pled each cause of action. ECF No. 13 at 5–7.

**D.      There is a Reasonable Likelihood the Proposed Discovery Will Uncover Defendants' Identities**

The final factor asks the Court to examine whether there is a reasonable likelihood the proposed discovery will uncover the identities of the Doe defendants. *Columbia*, 185 F.R.D. at

580. The subpoenas to T-Mobile USA Inc., Comcast Cable Communications LLC, and Kean University should yield information sufficient to identify the individuals connected to the IP addresses Twitch linked to skel and ganggangchef. This data will likely allow Twitch to identify these defendants. *See Strike 3 Holdings*, 2019 WL 402358, at *3 (permitting plaintiff to subpoena ISP AT&T because "AT&T will be able to provide the subscriber's name and address in response to a subpoena, which will allow Strike 3 to serve process").

**E.     There Is No Prejudice From the Proposed Discovery**

The proposed discovery will not prejudice the responding parties. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). T-Mobile USA Inc. and Comcast Cable Communications LLC are established companies who routinely deal with discovery requests. Comcast has already promptly responded to one subpoena in this matter. These companies would suffer little burden from producing data regarding account information. Kean University would also suffer little burden, as it is associated with only one IP address. Simpkins Decl. ¶ 5. And, Twitch will be unable to locate and serve Defendants without the requested discovery.[2] Accordingly, Twitch's need for discovery to identify Defendants outweighs any prejudice to the responding parties.

**V.     CONCLUSION**

For the foregoing reasons, Twitch respectfully requests that the Court grant its application for limited expedited discovery and permit it to serve third-party subpoenas on T-Mobile USA Inc., Comcast Cable Communications LLC, and Kean University.

---

[2] The substantive components of the subpoenas to T-Mobile USA Inc., Comcast Cable Communications LLC, and Kean University are attached as Exhibit C to the Simpkins Declaration.

| | | |
|---|---|---|
| 1 | DATED:  December 20, 2019 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: */s/ Holly M. Simpkins* |
| 4 | | Holly M. Simpkins, *pro hac vice*<br>HSimpkins@perkinscoie.com |
| 5 | | Katherine M. Dugdale, Bar No. 168014<br>KDugdale@perkinscoie.com |
| 6 | | Lauren Watts Staniar, *pro hac vice*<br>LStaniar@perkinscoie.com |
| 7 | | Attorneys for Plaintiff<br>Twitch Interactive, Inc. |