1   Katherine M. Dugdale, Bar No. 168014
    KDugdale@perkinscoie.com
2   PERKINS COIE LLP
    1888 Century Park E., Suite 1700
3   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
4   Facsimile:  310.788.3399

5   Holly M. Simpkins, *pro hac vice*
    HSimpkins@perkinscoie.com
6   Lauren E. Staniar, *pro hac vice*
    LStaniar@perkinscoie.com
7   PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
8   Seattle, WA  98101-3099
    Telephone:  206.359.8000
9   Facsimile:  206.359.9000

10  Attorneys for Plaintiff
    Twitch Interactive, Inc.

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

15

16  TWITCH INTERACTIVE, INC., a          Case No. 19-cv-03418-WHO
    Delaware corporation,
17                                        **PLAINTIFF TWITCH INTERACTIVE,**
                        Plaintiff,        **INC.'S *EX PARTE* MOTION TO EXTEND**
18                                        **DEADLINES**
            v.
19                                        **[L. CIV. R. 7-10]**
    JOHN AND JANE DOES 1-100,
20  individuals,

21                      Defendants.

22

23

24

25

26

27

28

LEGAL147308492.2

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

2         PLEASE TAKE NOTICE that Plaintiff Twitch Interactive, Inc. ("Twitch") will, and

3    hereby does, apply to the Court *ex parte* for a 90-day extension to serve Defendants John and

4    Jane Does pursuant to Federal Rule of Civil Procedure 4(m), and to reschedule the Case

5    Management Conference and related deadlines.  This motion complies with Local Civil Rule 7-10

6    as Twitch is in the process of attempting to determine Defendants' identities.  *See Strike 3*

7    *Holdings, LLC v. Doe*, No. 1:18-cv-06938, Dkt. No. 10 (Orrick, J.) (granting *ex parte* application

8    and extending time to effectuate service until plaintiff received subpoena responses).[1]  Good

9    cause exists for these requests because Twitch has diligently investigated and attempted to

10   identify and locate Defendants, including serving subpoenas authorized by this Court on third

11   parties with potentially identifying information.

12        This motion is based on: the memorandum of points and authorities, the Declaration of

13   Holly M. Simpkins filed concurrently herewith, all pleadings on file in this matter' and on such

14   additional evidence or argument as the Court may deem proper.

15

16

17

18

19

20

21

22

23

---

24        [1] Twitch will send a copy of this motion to the email addresses associated with several of
     the Doe defendants, skelthade@gmail.com, jfernandes423@hotmail.com, and
25   ganggangchef@gmail.com, as well as the Doe defendants with whom Twitch is in ongoing
     settlement discussions.  When Twitch sent its September 3, 2019 administrative motion (Dkt. No.
26   15) to these three addresses, the messages to skelthade@gmail.com and
     jfernandes432@hotmail.com were returned as undeliverable.  *Id.*  Prior emails to both email
27   addresses were not returned as undeliverable.  *Id.* ¶ 4.

28
                                                -1-

LEGAL147308492.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION

Defendants attacked Twitch's Artifact game directory by broadcasting content that violated Twitch's Terms of Service.  Twitch sued Defendants for breach of contract, trademark infringement, trespass to chattels and fraud on June 14, 2019.  Since that time, Twitch has attempted to identify the individuals responsible for the attack.  To assist in those efforts, Twitch received permission from this Court to serve fourteen third-party subpoenas on internet service providers, email service companies and social media companies.  Twitch received subpoena responses in September and October that enabled Twitch to identify several Doe Defendants.  Twitch has settled with several of those individuals and is in the process of negotiating additional settlements.  Twitch received the last subpoena response on February 14 and is in the process of identifying those responsible for the attack based on the recent responses.  Given that Twitch continues to work to identify and serve all Defendants, Twitch seeks a 90-day extension of the service deadline and an order resetting the Case Management Conference and related deadlines.

## II.      ISSUES TO BE DECIDED (L. CIV. R. 7-4(a)(3))

1.      Whether Twitch is entitled to a 90-day extension of the deadline to serve Defendants John and Jane Does?

2.      Whether the Case Management Conference should be reset for June 22, 2020 and the related deadlines adjusted accordingly?

## III.      FACTS & PROCEDURAL BACKGROUND

### A.      Twitch

Twitch is a real-time streaming video service where community members gather to watch, play, and chat about their shared interests, including video games, sports and creative arts (the "Twitch Services").  Dkt. No. 1 ("Compl.") ¶ 15.  Twitch owns the intellectual property associated with its services, including the GLITCH logo and TWITCH mark.  *Id.* ¶¶ 20–22.  Twitch also requires users to agree to its Terms of Service, Community Guidelines and other

-2-

1 policies (collectively, the "Terms") to use the Twitch Services.  *Id.* ¶ 24.  The Terms prohibit

2 posting obscene, pornographic, violent, or otherwise harmful conduct.  *Id.* ¶¶ 26, 28.

3 **B.      Defendants' Wrongdoing**

4         Beginning on May 25, 2019, Defendants co-opted the game directory for the game

5 Artifact to broadcast prohibited content, including hard-core pornography, racist and misogynistic

6 videos, and videos depicting extreme violence.  *Id.* ¶ 34.  Despite Twitch's swift action against

7 the accounts used to stream this content, new streamers quickly reappeared and re-posted the

8 offending videos.  *Id.* ¶¶ 35–36.  Defendants also made unauthorized use of Twitch's intellectual

9 property including its GLITCH and TWITCH marks.  *Id.* ¶¶ 40–43.

10 **C.      Twitch's Investigation**

11        Twitch investigated the Twitch accounts that participated in the attack, the social media

12 accounts associated with the attackers, and the websites through which the attack was

13 coordinated.  Declaration of Holly M. Simpkins ("Simpkins Decl.") ¶ 3.  Twitch identified two

14 individuals it believed were among those responsible for the attack who go by the online aliases

15 "Skel" and "Ganggangchef."  *Id.* ¶ 4.  Unable to identify the real people behind these two

16 individuals as well as other Defendants, Twitch filed and this Court granted a motion to issue

17 subpoenas to the internet service providers, email service companies, and social media companies

18 Twitch's investigation revealed were associated with the attack.  Dkt. Nos. 12, 13.  With the

19 information gathered through these subpoenas, Twitch identified individuals involved in the

20 attack.  Simpkins Decl. ℙ 5.  Twitch contacted these individuals and settled with several of them.

21 Twitch is in settlement discussions with the remaining individuals it has identified.  *Id.* ¶ 8.

22        However, Twitch has not yet definitively identified Skel and Ganggangchef, although it

23 has made significant progress.  *Id.* ¶ 9.  Twitch learned through third-party discovery that IP

24 addresses, a telephone number and an email address associated with Skel are connected to three

25 individuals in Newark, New Jersey.  *Id.* ¶ 12.  Twitch attempted to contact one of these

26 individuals via letter but did not receive a response.  *Id.* ¶ 13.  Twitch learned of the other two

27 individuals' identities only recently and sent them letters on February 26.  *Id.* Twitch learned

28

-3-

LEGAL147308492.2

1    from subpoenas to Comcast and Discord that an IP address associated with Ganggangchef

2    belongs to individuals located in New Mexico. *Id.* ¶ 11. Twitch suspects Ganggangchef lives at

3    the address associated with the IP address. Twitch sent a letter to the individuals associated with

4    the IP address on February 25. *Id.*

5                                    **IV.     ARGUMENT**

6    **A.     Good Cause Exists to Extend the Service Deadline**

7              Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within

8    ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). But "the court must extend the time

9    for service for an appropriate period" if the plaintiff shows good cause. *Id.* Alternatively, the

10   Court may grant an extension even absent good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.

11   2001). To demonstrate that good cause exists, the court may require plaintiffs to show "(a) the

12   party to be served received actual notice of the lawsuit; (b) the defendant would suffer no

13   prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

14   (citation omitted). The Ninth Circuit observes that "good cause" may include the following

15   circumstances: (1) where the defendant has evaded service; (2) where service was attempted but

16   not completed; (3) where the plaintiff was confused by the requirements for service of process;

17   and (4) where plaintiff was prevented from effective service "by factors beyond his control." *See*

18   *Wei v. Hawaii*, 763 F.2d 370, 371–72 (9th Cir. 1985).

19             Good cause exists here. As this Court previously found, Twitch has diligently attempted

20   to identify the Defendants. Dkt. No. 13, at 5. Twitch attempted to identify the individuals

21   associated with the attack by investigating the attackers' social media accounts, tracking down the

22   websites through which the attackers communicated and distributed the content, and identifying

23   IP addresses connected to Twitch accounts that streamed prohibited content during the attack.

24   Simpkins Decl. ¶ 3. Twitch sued Defendants on June 14, 2019 and sent copies of the Complaint

25   and related documentation to three email addresses connected with the attackers. *Id.* ¶ 4.

26   Receiving no response, Twitch subsequently applied for, and this Court granted, two applications

27

28
                                          -4-

LEGAL147308492.2

1   for expedited discovery to serve fourteen subpoenas on third parties that may have identifying

2   information.  Dkt. No. 13.

3          Twitch used the subpoena responses to identify multiple individuals who participated in

4   the Memorial Day Attack.  Simpkins Decl. ¶ 8.  Twitch successfully negotiated settlements with

5   several of the Defendants and is in the process of negotiating settlements with the remaining

6   Defendants it has identified.  *Id.*  Twitch has confirmed that none of the settling Defendants

7   organized or coordinated the Memorial Day Attack.  *Id.*

8          Twitch believes that with further investigation it will be able to identify the ringleaders.

9   For example, Twitch recently received a subpoena response from Comcast that connected an IP

10  address used in the attack by Ganggangchef with a house in New Mexico.  *Id.* ¶ 11.  Twitch is in

11  the process of contacting these individuals to confirm Ganggangchef lives there.  *Id.*  Likewise,

12  Twitch used information gathered from the Discord and Verizon subpoenas to identify three

13  individuals in New Jersey potentially associated with Skel.  *Id.* ¶ 12.  Outreach to these

14  individuals is ongoing.  *Id.* ¶ 13.  Given that Twitch is still investigating Skel and Ganggangchef,

15  an extension of time to serve Defendants is appropriate.  *See Zoosk, Inc. v. Dyle*, No. C. 10-04545

16  LB, 2011 WL 635279, at *2 (N.D. Cal. Feb. 11, 2011) (granting motion for extension of time to

17  serve defendants where plaintiff was still in the process of investigating defendants).

18         The remaining good cause factors also support Twitch's requested extension.  First,

19  Twitch provided Defendants notice of the lawsuit at email addresses that Twitch connected to the

20  attack. Simpkins Decl. ¶ 5.  Defendants also received notice from the subpoena recipients.  *See*

21  Dkt. No. 13, at 9–10 (requiring subpoena recipients to notify Defendants of subpoena).  Second,

22  Defendants would not suffer prejudice from an extension because the case is in its early stages.

23  *See, e.g.*, *Furtado v. United Rentals, Inc.*, No. 14-CV-04258-YGR, 2015 WL 4452502, at *9

24  (N.D. Cal. July 20, 2015).  Third, Twitch would be prejudiced if this case were dismissed because

25  it would not be able to seek redress from Defendants, and the resources Twitch invested in

26  investigating the attack, bringing this action, and attempting to serve Defendants would be

27

28

CASE NO. 19-cv-03418-WHO
PLAINTIFF'S *EX PARTE* MOTION TO EXTEND DEADLINES

LEGAL147308492.2

1   wasted.  Additionally, a denial of the extension would "reward [d]efendants for evading service."

2   *Zoosk*, 2011 WL 635279, at *3.

3        Even if a plaintiff does not show good cause, the Court may exercise its discretion to

4   extend the time for service.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). The

5   discretionary factors include: the statute of limitations, prejudice to the defendants, actual notice

6   of the lawsuit, and eventual service.  *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F.

7   Supp. 3d 1026, 1036 (N.D. Cal. 2015).  Here there is little, if any, prejudice to Defendants as the

8   case is in its early stages, the proposed delay in service would be minimal, and Twitch will

9   promptly serve Defendants when it confirms their identities.

10  **B.    Good Cause Exists to Reset the Case Management Conference and Related**
        **Deadlines**

11

12       In this district, a motion to reschedule the Case Management Conference and related

    deadlines is an administrative motion under Local Rule 7-11.  *Mountz, Inc. v. Ne. Indus. Bolting*
13
    *& Torque, LLC*, No. 15-cv-04538-JE (MEJ), 2017 WL 780585, at *3 (N.D. Cal. Jan. 27, 2017).
14
    A motion to reschedule the Case Management Conference and related deadlines may be granted
15
    for good cause.  *See* Fed. R. Civ. P. 6(b)(1).
16
         Good cause exists here.  The Case Management Conference is scheduled for March 24,
17
    2019.  Dkt. No. 20.  Because Twitch is still working to locate and serve the defendants, it would
18
    be premature to hold a Case Management Conference, file a Case Management Statement, and
19
    conduct a Rule 26(f) conference at this time.  Accordingly, in the interest of justice and to
20
    enhance judicial efficiency and preserve resources, Twitch respectfully requests that the Case
21
    Management Conference be continued 90 days to June 22, 2020, or a date thereafter on which the
22
    Court is available, and that all related deadlines be adjusted accordingly.  There have been four
23
    previous time modifications in this case.  Simpkins Decl. ¶ 16.  The requested continuance will
24
    not impact the schedule of this case, as no trial date or other deadlines have been set.  *Id.*
25

26

27

28
                                        -6-

LEGAL147308492.2

1

### V.    CONCLUSION

2    For the foregoing reasons, Twitch respectfully requests that the Court grant Twitch's

3   motion for a 90-day extension to serve Defendants and to reschedule the Case Management

4   Conference.

5   DATED: March 2, 2020                           **PERKINS COIE LLP**

6

7                                                  By: */s/ Holly M. Simpkins*
                                                       Katherine M. Dugdale, Bar No. 168014
                                                       KDugdale@perkinscoie.com
8                                                      Holly M. Simpkins, *pro hac vice*
                                                       HSimpkins@perkinscoie.com
9                                                      Lauren E. Staniar, *pro hac vice*
                                                       LStaniar@perkinscoie.com
10
                                                       Attorneys for Plaintiff
11                                                     Twitch Interactive, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 19-CV-03418-WHO
PLAINTIFF'S *EX PARTE* MOTION TO EXTEND DEADLINES

LEGAL147308492.2