1  Katherine M. Dugdale, Bar No. 168014
   KDugdale@perkinscoie.com
2  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
3  Los Angeles, CA  90067-1721
   Telephone:  310.788.9900
4  Facsimile:  310.788.3399

5  Holly M. Simpkins, *pro hac vice*
   HSimpkins@perkinscoie.com
6  Lauren E. Staniar, *pro hac vice*
   LStaniar@perkinscoie.com
7  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
8  Seattle, WA  98101-3099
   Telephone:  206.359.8000
9  Facsimile:  206.359.9000

10 Attorneys for Plaintiff
   Twitch Interactive, Inc.
11

12                   UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                         SAN FRANCISCO DIVISION

15

16 | TWITCH INTERACTIVE, INC., a Delaware corporation, | Case No. 19-cv-03418-WHO |
17 | | |
18 | Plaintiff, | **PLAINTIFF TWITCH INTERACTIVE, INC.'S *EX PARTE* MOTION TO EXTEND DEADLINES** |
19 | v. | |
20 | MASON APODACA AND JOHN AND JANE DOES 1-99, individuals, | **[L. CIV. R. 7-10]** |
21 | Defendants. | |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that Plaintiff Twitch Interactive, Inc. ("Twitch") will, and hereby does, apply to the Court *ex parte* for a 60-day extension to serve Defendant Mason Apodaca pursuant to Federal Rule of Civil Procedure 4(m), and to reschedule the Case Management Conference and related deadlines. This motion complies with Local Civil Rule 7-10 as Twitch is in the process of attempting to serve Mr. Apodaca. *See Strike 3 Holdings, LLC v. John Doe*, No. 3:18-cv-06938-WHO, Dkt. No. 21 (N.D. Cal. June 19, 2019) (granting motion to extend deadline to serve where defendant had been identified but not yet served). Good cause exists for these requests because Twitch has notified Mr. Apodaca of this lawsuit and requested that Mr. Apodaca waive service. While Twitch is hopeful that Mr. Apodaca will waive service by the June 13 deadline, it has received no response to its prior correspondence. If Mr. Apodaca does not waive service, Twitch will promptly serve Mr. Apodaca personally.

This motion is based on: the memorandum of points and authorities, the Declaration of Holly M. Simpkins filed concurrently herewith, all pleadings on file in this matter and on such additional evidence or argument as the Court may deem proper.

## I. INTRODUCTION

Defendants attacked Twitch's Artifact game directory by broadcasting content that violated Twitch's Terms of Service. Twitch sued Defendants for breach of contract, trademark infringement, trespass to chattels and fraud on June 14, 2019. For months, Twitch diligently attempted to identify the individuals responsible for the attack. In February 2020, Twitch identified Defendant Mason Apodaca as a person involved in the attack and sent a letter to him. Mr. Apodaca did not respond. In March 2020, Twitch again contacted Mr. Apodaca letting him know that if he did not respond, Twitch would amend its complaint to name him publicly. Mr. Apodaca did not reply. Having received no response, Twitch amended its complaint on May 13, 2020, naming Mr. Apodaca as a defendant. The following day, Twitch sent another letter to Mr. Apodaca requesting that he waive service of the summons and complaint. As with its prior communications, Twitch has not received a response. The 30-day deadline for Mr. Apodaca to respond to the waiver request is June 13, 2020. Twitch's deadline to serve Mr. Apodaca is June 8, 2020. Although Twitch has attempted to notify Mr. Apodaca of this lawsuit in the least intrusive manner, particularly in light of COVID-19, Twitch is prepared to serve Mr. Apodaca if he fails to respond to the waiver request. Accordingly, Twitch seeks a 60-day extension of the service deadline and an order resetting the Case Management Conference and related deadlines so that Mr. Apodaca may return the request for waiver of service. If he does not, Twitch will promptly personally serve Mr. Apodaca.

## II. ISSUES TO BE DECIDED (L. CIV. R. 7-4(a)(3))

1. Whether Twitch is entitled to a 60-day extension of the June 8, 2020 deadline to serve Defendant Mason Apodaca.

2. Whether the Case Management Conference should be reset for August 24, 2020 and the related deadlines adjusted accordingly.

### III.    FACTS & PROCEDURAL BACKGROUND

**A.    Twitch**

Twitch is a real-time streaming video service where community members gather to watch, play, and chat about their shared interests, including video games, sports and creative arts (the "Twitch Services"). Dkt. No. 29 ("Am. Compl.") ¶ 16. Twitch owns the intellectual property associated with its services, including the GLITCH logo and TWITCH mark. *Id.* ¶¶ 21–23. Twitch requires users to agree to its Terms of Service, Community Guidelines and other policies (collectively, the "Terms") to use the Twitch Services. *Id.* ¶ 25. The Terms prohibit posting obscene, pornographic, violent, or otherwise harmful conduct. *Id.* ¶¶ 27, 29.

**B.    Defendants' Wrongdoing**

Beginning on May 25, 2019, Defendants, including Mr. Apodaca, co-opted the game directory for the game Artifact to broadcast prohibited content, including hard-core pornography, racist and misogynistic videos, and videos depicting extreme violence. *Id.* ¶ 35. Despite Twitch's swift action against the accounts used to stream this content, new streamers quickly reappeared and re-posted the offending videos. *Id.* ¶¶ 36–37. Defendants also made unauthorized use of Twitch's intellectual property including its GLITCH and TWITCH marks. *Id.* ¶¶ 41–44.

**C.    Twitch's Attempts to Contact Mr. Apodaca**

Twitch investigated the Twitch accounts that participated in the attack, the social media accounts associated with the attackers, and the websites through which the attack was coordinated. Declaration of Holly M. Simpkins ("Simpkins Decl.") ¶ 2. After serving multiple third-party subpoenas, Twitch identified Mr. Apodaca as an individual likely involved in the attack on Twitch. *Id.* ¶ 4. On February 25, 2020, Twitch's counsel sent a letter by U.S. mail to Mr. Apodaca's residence, notifying the occupants that the IP address of the residence was connected with the attack, providing a copy of the complaint, and requesting that the residents contact Twitch's counsel to discuss the matter. *Id.* ¶ 5. Twitch received no response. *Id.* One month later, on March 27, 2020, Twitch sent a letter to Mr. Apodaca by email and U.S. mail,

including a copy of the complaint. *Id.* ¶ 6. Twitch notified Mr. Apodaca that if he did not respond that Twitch would amend its complaint to name him publicly. *Id.* Mr. Apodaca did not respond. *Id.*

Twitch filed its Amended Complaint on May 13, 2020, naming Mr. Apodaca. Dkt. No. 29. Due to the COVID-19 outbreak and the corresponding risks and difficulties surrounding personal service, Twitch sent a letter to Mr. Apodaca on May 14, 2020 requesting that Mr. Apodaca waive service of the summons and complaint. Simpkins Decl. ¶ 7. This letter included a copy of the Amended Complaint, the summons, numerous deadline-related pleadings, and several other required documents. *Id.* As of the date of filing this motion, Twitch has not received Mr. Apodaca's response. *Id.* Mr. Apodaca has until June 13, 2020 to respond, five days after the current deadline for service. *Id.* If Twitch does not receive Mr. Apodaca's signed waiver by June 13, Twitch will personally serve Mr. Apodaca given that it appears that certain COVID-19 restrictions are being lifted. *Id.* ¶ 8.

## IV.   ARGUMENT

### A.   Good Cause Exists to Extend the Service Deadline

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). But "the court must extend the time for service for an appropriate period" if the plaintiff shows good cause. *Id.* Alternatively, the Court may grant an extension even absent good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). To demonstrate that good cause exists, the court may require plaintiffs to show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citation omitted). The Ninth Circuit observes that "good cause" may include the following circumstances: (1) where the defendant has evaded service; (2) where service was attempted but not completed; (3) where the plaintiff was confused by the requirements for service of process; and (4) where plaintiff was prevented from effective service "by factors beyond his control." *See Wei v. Hawaii*, 763 F.2d 370, 371–72 (9th Cir. 1985).

Good cause exists here.  First, Mr. Apodaca has had notice of the lawsuit since at least February 25, 2020 when Twitch sent a copy of the complaint to Mr. Apodaca's residence. Simpkins Decl. ¶ 5.  Even before then, on June 17, 2019, Twitch sent an email with a copy of the complaint to an email address it believes belongs to Mr. Apodaca.  *Id.* ¶ 3.  And, the Court's order granting Twitch's request for third-party subpoenas requires the subpoena recipients to notify Defendant-subscribers of the subpoena.  *See* Dkt. No. 13, at 9–10 (requiring subpoena recipients to notify Defendants of subpoena).  Mr. Apodaca has notice of this lawsuit.  Second, Mr. Apodaca would not suffer prejudice from an extension because the case is in its early stages and Twitch will promptly serve Mr. Apodaca if he does not waive service.  *See, e.g.*, *Furtado v. United Rentals, Inc.*, No. 14-CV-04258-YGR, 2015 WL 4452502, at *9 (N.D. Cal. July 20, 2015).  Third, Twitch would be prejudiced if this case were dismissed because it would not be able to seek redress from Mr. Apodaca, and the resources Twitch invested in investigating the attack, bringing this action, and attempting to serve Mr. Apodaca would be wasted.

Even if a plaintiff does not show good cause, the Court may exercise its discretion to extend the time for service.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  The discretionary factors include: the statute of limitations, prejudice to the defendants, actual notice of the lawsuit, and eventual service.  *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1036 (N.D. Cal. 2015).  Here there is little, if any, prejudice to Mr. Apodaca as the case is in its early stages, the proposed delay in service would be minimal, and Twitch will promptly serve Mr. Apodaca if it does not receive his waiver of service by June 13.

**B.     Good Cause Exists to Reset the Case Management Conference and Related Deadlines**

In this district, a motion to reschedule the Case Management Conference and related deadlines is an administrative motion under Local Rule 7-11.  *Mountz, Inc. v. Ne. Indus. Bolting & Torque, LLC*, No. 15-cv-04538-JD (MEJ), 2017 WL 780585, at *3 (N.D. Cal. Jan. 27, 2017). A motion to reschedule the Case Management Conference and related deadlines may be granted for good cause.  *See* Fed. R. Civ. P. 6(b)(1).

-5-

CASE NO. 19-CV-03418-WHO
PLAINTIFF'S *EX PARTE* MOTION TO EXTEND DEADLINES

LEGAL148274395.2

Good cause exists here.  The Case Management Conference is scheduled for June 23, 2020 at 2:00 p.m.  Dkt. No. 28.  Because Twitch is still working to serve Mr. Apodaca, it would be premature to hold a Case Management Conference, file a Case Management Statement, and conduct a Rule 26(f) conference.  Accordingly, in the interest of justice and to enhance judicial efficiency and preserve resources, Twitch respectfully requests that the Case Management Conference be continued 60 days to August 24, 2020, or a date thereafter on which the Court is available, and that all related deadlines be adjusted accordingly.  There have been four previous time modifications in this case.  Simpkins Decl. ¶ 9.  The requested continuance will not impact the schedule of this case, as no trial date or other deadlines have been set.  *Id.*

## V.  CONCLUSION

For the foregoing reasons, Twitch respectfully requests that the Court grant Twitch's motion for a 60-day extension to serve Mr. Apodaca and to reschedule the Case Management Conference.

DATED: May 26, 2020                                                           **PERKINS COIE LLP**

By: */s/ Holly M. Simpkins*
Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
Holly M. Simpkins, *pro hac vice*
HSimpkins@perkinscoie.com
Lauren E. Staniar, *pro hac vice*
LStaniar@perkinscoie.com

Attorneys for Plaintiff
Twitch Interactive, Inc.